UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO MERO,
individually, and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                                              CASE NO.: 8:26-cv-00110

FITNESS INTERNATIONAL, LLC
d/b/a CLUB STUDIO FITNESS,                                **COLLECTIVE ACTION**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARIO MERO (hereinafter "Plaintiff" or "MERO"), individually and on behalf of all others similarly situated, by and through his counsel, brings his claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. (the "FLSA"), and breach of contract/unpaid wages and attorneys' fees and costs under Section 448.08, Florida Statutes, against Defendant FITNESS INTERNATIONAL, LLC d/b/a Club Studio Fitness (hereinafter referred to as "Defendant" or "Club Studio Fitness"), their subsidiaries and affiliates, and alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is a collective action brought by individual and representative Plaintiff, MARIO MERO (hereinafter "Plaintiff" or "MERO"), on his own behalf and on behalf of all others similarly situated. Plaintiff and the putative class members are or were employed by Defendant, FITNESS INTERNATIONAL, LLC d/b/a Club Studio Fitness, and were denied overtime pay required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

2. The FLSA collective/putative class is made up of all persons who are or have been employed by Defendant as Club Managers during the applicable statutory period, and who provided services to Defendant's clients/customers including, but not limited to, managing the front desk, the associates, the janitorial staff, orders for vendors, and overseeing the general needs of the facility, its employees, and its customers.

3. During the applicable statutory period, Defendant failed to pay overtime compensation to each member of the class as required by federal law. Plaintiff seeks relief for the collective class under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation including, but not limited to, unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7. Defendant, FITNESS INTERNATIONAL, LLC d/b/a Club Studio Fitness is a Limited Liability Company that maintains office(s) and/or engages in, conducts, and/or transacts business in the State of Florida, including this judicial district.

8. Defendant Club Studio Fitness is, and was at all relevant times, an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

9. Defendant, Club Studio Fitness is in the business of, but not limited to, providing a gym facility with various fitness amenities, such as fitness classes, free

weights, a lap pool, basketball courts, and sauna and steam rooms, in the State of Florida, among other states.

10. Plaintiff, MARIO MERO, is a Florida resident.

11. Plaintiff MERO was employed by Club Studio Fitness in this judicial circuit as a Club Manager during the three (3) years before the date on which the original Complaint was filed, specifically, from approximately August 4, 2025, through September 23, 2025.

## FACTUAL BACKGROUND

12. Plaintiff brings this case on behalf of himself and the similarly situated individuals, as defined by 29 U.S.C. §201, sec. 3(e), who currently work, or who worked, as a Club Manager and performed similar duties for Defendant at any time during the applicable statutory period immediately preceding the filing of the original Complaint (hereinafter "statutory period").

13. During the term of their employment with Defendant, Plaintiff and the similarly situated individuals regularly worked in excess of forty (40) hours per workweek.

14. Defendant employed Plaintiff and the similarly situated individuals during the liability period.

15. Defendant paid Plaintiff and the similarly situated individuals on an hourly basis.

16. Defendant employed Plaintiff and the similarly situated individuals as Club Managers to perform services for Defendant's clients/customers including, but not limited to, managing the front desk, the associates, the janitorial staff, orders for vendors, and overseeing the general needs of the facility, its employees, and its customers.

17. Plaintiff and the similarly situated individuals are employees of Defendant within the meaning of the FLSA.

18. The individual claims of Plaintiff and the similarly situated individuals have common questions of fact and law.

19. Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

20. Defendant's operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that Defendant constitutes a single and/or joint employer under the law.

21. Defendant conducts, transacts, and engages in business in, but not limited to, the Tampa Florida area.

22. Defendant, as part of its business, engages in interstate commerce by processing credit cards which are instruments of interstate commerce, by advertising and soliciting sales on the World Wide Web and/or other mediums to potential clients and customers inside and outside of Florida, and by transacting and

conducting business in several states and across state lines, all of which are part of interstate commerce.

23. Furthermore, Defendant obtains, exchanges, and sends/receive funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

24. At all times relevant to this action, the annual gross volume of Defendant exceeded $500,000 in the year preceding nonpayment.

25. Defendant operates, and at all times relevant to this Complaint, has operated a gym facility with various fitness amenities, including but not limited to, fitness classes, free weights, a lap pool, basketball courts, and sauna and steam rooms available for its customers, in and through the State of Florida.

26. Defendant supervised or had operational control over Plaintiff and the similarly situated individuals who managed the front desk, the associates, the janitorial staff, orders for vendors, and oversaw the general needs of the facility, its employees, and the customers for Defendant.

27. Defendant managed the work of Plaintiff and the similarly situated individuals including the amount of hours worked by them. Defendant dictated,

controlled and ratified the wage and hour and all related employee compensation policies.

28. At all times material herein, Defendant controlled the day-to-day activities, supervised, and/or had operational control over Plaintiff and the similarly situated individuals. In regard to Plaintiff and the similarly situated individuals, Defendant was responsible for hiring Plaintiff and the similarly situated individuals, having the ability to terminate Plaintiff and the similarly situated individuals, setting the rate or rate of pay for Plaintiff and the similarly situated individuals, determining if overtime compensation was going to be paid, setting the work schedule including the number of days and/or hours worked by Plaintiff and the similarly situated individuals, determining and assigning the work duties of Plaintiff and the similarly situated individuals, and supervising Plaintiff and the similarly situated individuals.

29. Defendant requires Plaintiff and the similarly situated individuals, as Club Managers, to follow specific written procedures and participate in training with respect to how they do their jobs.

30. Defendant assigns Plaintiff and the similarly situated individuals, as Club Managers, to a specific job/assignment and furnishes them with a detailed list of duties or services to be performed during a workday.

31. Specifically, Plaintiff and the similarly situated individuals would manage the front desk, the associates, the janitorial staff, orders for vendors, and oversee the general needs of the facility, its employees, and its customers.

32. Defendant maintains exclusive control over Plaintiff's and the similarly situated individuals' primary means of income by setting schedules and assignments.

33. Defendant improperly required Plaintiff and the similarly situated individuals to (1) respond to work-related phone calls and text messages while off the clock for roughly ten hours every two weeks without pay, (2) stay one hour past their end times every two weeks without pay and (3) come into work to replace employees that call for roughly eight hours once every two weeks out without pay.

34. Specifically, Defendant did not permit Plaintiff and the similarly situated individuals to collect overtime pay for staying at work past their end times or coming to work to replace employees that called out. Instead, Defendant instructed Plaintiff and similarly situated individuals to leave early the following pay period to compensate them for time spent at work staying past their end times or replacing employees who called out.

35. Throughout the liability period, Plaintiff and the similarly situated individuals regularly worked over forty (40) hours per work week.

36. Plaintiff and the similarly situated individuals are paid on an hourly basis and as such are non-exempt employees within the meaning of the FLSA and the implementing rules and regulations of the U.S. Department of Labor.

37. As non-exempt employees, they are subject to the FLSA's overtime wage requirements.

38. Plaintiff and the similarly situated individuals worked the number of hours required of them by Defendant but were not appropriately paid for each and every hour worked during a work week.

39. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours in a work week without overtime compensation.

40. Defendant was aware, or reasonably should have been aware, that Plaintiff and the similarly situated individuals worked in excess of forty (40) hours in a work week without overtime compensation.

41. Defendant failed and refused to properly compensate Plaintiff and the similarly situated individuals for each hour worked in excess of forty (40) in a work-week.

42. Defendant's actions in failing and/or refusing to pay Plaintiff and the similarly situated individuals the applicable overtime compensation wages, as required by the FLSA, were willful and not done in good faith.

43. As a result of Defendant's improper and willful failure to pay Plaintiff and the similarly situated individuals in accordance with the requirements of federal wage and hour laws, Plaintiff and the similarly situated individuals suffered lost wages and other damages.

44. Plaintiff and the putative class members have retained the undersigned attorney and are obligated to pay him a reasonable fee for his services pursuant to the FLSA.

## ALLEGATIONS OF NAMED PLAINTIFF

45. From August 4, 2025, through September 23, 2025, Defendant employed Plaintiff Mario Mero as a Club Manager.

46. Plaintiff was to be paid $18.00 for each hour worked on a biweekly basis.

47. From the beginning of his employment, Defendant required Plaintiff to respond to work-related phone calls and text messages off the clock for roughly ten hours every two weeks without pay.

48. Defendant also required Plaintiff to stay an hour past his end time once every two weeks without pay.

49. Additionally, once every two weeks Plaintiff was required to come into work for eight hours without pay to replace an employee that had called out.

50. Defendant did not permit Plaintiff to collect overtime pay for staying at work past his end time or coming to work to replace employees that called out. Instead, Defendant instructed Plaintiff to leave early the following pay period to compensate him for time spent at work staying past his end time or replacing employees who called out during the previous pay period.

51. Throughout his employment for Defendant, Plaintiff typically worked 5 days per week, regularly working over 40 hours in a work week, but not receiving overtime compensation for each hour worked over 40 hours. Specifically, Plaintiff worked roughly 10 hours of overtime on a biweekly basis.

52. Therefore, over the course of seven weeks, Plaintiff worked roughly 40.00 overtime hours while employed with Defendant, resulting in approximately $1,080.00 in gross unpaid overtime wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this case as a collective action on behalf of himself and all the similarly situated individuals. Pursuant to 29 U.S.C. §216(b), Plaintiff's signed opt-in consent form is attached as **Exhibit "A."**

54. The proposed collective class of similarly situated individuals is defined as:

> All individuals who are or have been employed by or worked for Defendant, its subsidiaries or affiliated companies, as Club Managers at any time during the applicable statutory period and performed services for Defendant's clients/customers including, but not limited to, managing the front desk, the

associates, the janitorial staff, orders for vendors, and overseeing the general needs of the facility, its employees, and its customers.

55. This action is properly maintained as a collective action because Plaintiff is similarly situated to the putative members of the collective class with respect to job title, job duties, and Defendant's compensation policies and procedures.

56. Plaintiff and the putative class members were all employed as Club Managers by Defendant, all performed the same duties of, but not limited to, managing the front desk, the associates, the janitorial staff, orders for vendors, and overseeing the general needs of the facility, employees, and clients/customers of Defendant, and were all paid by Defendant on an hourly basis.

57. Moreover, Plaintiff and the putative class members worked over forty (40) hours in a work week for Defendant within the applicable statutory period and were not paid overtime compensation for each hour worked over forty (40) in a work week.

58. Defendant encouraged, suffered and permitted Plaintiff and the putative collective class to work more than forty (40) hours per week without the proper overtime compensation.

59. Defendant knew that Plaintiff and the putative class members performed work that required overtime compensation wages to be paid.

60. Nonetheless, Defendant deprived Plaintiff and the putative class members of overtime compensation wages.

61. Defendant has not compensated Plaintiff and the putative class members for their overtime hours worked.

62. Defendant has willfully violated the provisions of Sections 7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees engaged in commerce for work-weeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours at the applicable rate.

63. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff is a representative of the similarly situated individuals and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

65. All similarly situated individuals are known to Defendant and are readily identifiable and locatable through Defendant's records.

66. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative collective class. Plaintiff requests that the Court authorize notice to the members of the putative collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b),

for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

67. Plaintiff estimates there are over 100 potential members of the putative collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the anticipated composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

68. All similarly situated individuals should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

69. Unless notice is issued, persons (Club Managers) similarly situated to Plaintiff, who have been unlawfully deprived of overtime compensation wages in violation of FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### BY FAILURE TO PAY OVERTIME COMPENSATION WAGES

70. Plaintiff, on behalf of himself and all the similarly situated individuals, restates and incorporates by reference paragraphs one (1) through sixty-nine (69) as if fully set forth herein.

71. During the applicable statutory period, Plaintiff and the putative class members, worked as and performed the essential duties of a Club Manager for Defendant.

72. Plaintiff and the putative class members regularly worked over forty (40) hours per week for Defendant during the applicable statutory period but were not properly paid overtime wages in violation of the FLSA.

73. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one-and-one-half (1 ½) times their regular rate of pay.

74. Defendant suffered and permitted Plaintiff and the putative class members to work in excess of forty (40) hours in work weeks during the applicable statutory period without paying them overtime compensation as required by the FLSA.

75. At no time during the applicable statutory period were Plaintiff and the putative class members exempt from receiving overtime compensation under the FLSA.

76. Plaintiff and the putative class members are entitled to be paid overtime compensation premiums for each hour worked in excess of forty (40) in a workweek during the applicable statutory period.

77. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which require overtime wages compensation to non-exempt employees, 29 U.S.C. §207.

78. The foregoing actions of Defendant violated the FLSA.

79. Defendant's actions were not in good faith and constituted a willful violation under the FLSA within the meaning of 29 U.S.C. §255(a).

80. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the putative class members have suffered and will continue to suffer a loss of income and other damages.

81. Defendant is liable to Plaintiff and the putative class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

82. Plaintiff and the putative class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

83. Because of Defendant's actions, Plaintiff and the putative class members had to retain counsel and are entitled to recover their attorney's fees and costs connected with this suit.

84. As a result of Defendant's unlawful acts, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated individuals who join in this action, pray that this Honorable Court provide for relief as follows:

A. Designate this action as a collective action on behalf of the FLSA Collective and authorize the issuance of notice at the earliest possible time to all those who worked for or previously worked for Defendant's in the position of Club Manager, during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime wage as required by the FLSA;

B. Declare that Defendant has violated the record keeping provision of the FLSA, 29 U.S.C. § 211(c) as to Plaintiff and the similarly situated individuals;

C. Declare that Defendant has violated the overtime wage provisions of the FLSA, 29 U.S.C. §206, as to Plaintiff and the similarly situated individuals;

D. Declare that Defendant's violations of the FLSA were willful;

E. Award Plaintiff and the similarly situated individuals, damages for the amount of unpaid overtime wage compensation subject to proof at trial;

F. Award Plaintiff and the similarly situated individuals liquidated damages in an amount equal to the overtime wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

G. Make the same declarations and awards as prayed for in Paragraphs A-G above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

H. Award Plaintiff and the similarly situated individuals reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

I. Award such other and further relief as this Court may deem appropriate.

## COUNT II
### BREACH OF CONTRACT

85. Plaintiff, on behalf of himself and all the similarly situated individuals, restates and incorporates by reference paragraphs one (1) through sixty-nine (69) as if fully set forth herein.

86. In August 2025, Plaintiff and FITNESS INTERNATIONAL LLC entered into a verbal agreement to pay Plaintiff an hourly wage of $18.00 per hour

worked based on a 40-hour workweek, and $27.00 per hour for each overtime hour worked.

87. Plaintiff was not paid for work he performed under this verbal agreement.

88. Defendant breached the contract by not paying the wages owed to Plaintiff.

89. Defendant's breach caused Plaintiff to suffer damages in the form of unpaid wages.

90. Plaintiff has incurred attorney's fees and costs as a result of Defendant's refusal to pay wages owed in breach of this verbal agreement.

**WHEREFORE**, Plaintiff demands compensatory damages for breach of contract; attorney's fees and costs; and such other relief this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all issues so triable.

Dated this 14th day of January 2026.

Respectfully submitted,

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr., Esq.
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Avenue

19

>Tampa, Florida 33604
>Telephone (813) 434-0649
>FAX (813) 423-6543
>garyjr@printylawfirm.com
>e-service@printylawfirm.com
>***Lead Counsel for Plaintiff***